**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **THOMAS RABER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 2:25-cv-00548** |
| | ) | |
| **PURDUE UNIVERSITY and** | ) | |
| **The BOARD OF TRUSTEES OF** | ) | |
| **PURDUE UNIVERSITY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Thomas Raber ("Plaintiff" or "Raber"), by undersigned counsel, and hereby files this lawsuit against Purdue University and its Board of Trustees ("Defendants" or "Purdue") pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* (the "ADA"), the Rehabilitation Act of 1973 (the "Rehab Act"), 29 U.S.C. § 701 *et seq.* and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*

**PARTIES**

1.    Raber has resided in the Northern District of Indiana at all relevant times.

2.    Purdue is a public land-grant university and a state-controlled institute of higher learning which conducts business in the Northern District of Indiana.

1

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 12117, 29 U.S.C. § 503 and 504, and 29 U.S.C. § 2617.

4.      Purdue is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 29 U.S.C. § 503 and 504, and 29 U.S.C. § 2611(4).

5.      Raber was an "employee" within the meaning of 42 U.S.C. § 12111(4),  29 U.S.C. § 503 and 504, and 29 U.S.C. § 2611(2).

6.      At all relevant times, Raber has been a qualified individual with a disability, has had a record of disability, and/or has been regarded by Defendant as having a disability as those terms are defined by the ADA.

7.      At all relevant times, Raber was an "eligible employee" as that term is defined by the FMLA.

8.      At all relevant times, Raber had a "serious health condition" as that term is defined by the FMLA.

9.      As of January 1, 2024, Defendant employed 50 or more employees within a 75-mile radius of Raber's workplace and Raber had worked more than 1250 hours the year preceding his request for FMLA leave.

10.     Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  Plaintiff received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

11.     All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Northern District of Indiana, Hammond Division, and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12.     Raber is a qualified individual with a disability and/or record of a disability and/or regarded Raber to be disabled.  Raber suffers from diabetes.  Raber's diabetes impacts his neurological, digestive, endocrine, circulatory, and cardiovascular systems.  The following life activities are impacted by Raber's diabetes: working, sleeping, eating, breathing, walking, caring for himself, communicating, understanding, and interacting with others.  This list is not exhaustive.

13.     Raber began working for Purdue in or about 2008 as a HVAC mechanic.

14.     Throughout his employment with Purdue, Raber met or exceeded all of its legitimate employment expectations as evidenced by his favorable performance reviews, promotions, bonuses, and pay increases.

12.     At all times relevant to this Complaint, Raber worked as a Heating and Cooling Mechanic SK 2.1 and reported to Shops Manager Brian Ingle ("Ingle").

13.     Ingle was well-aware of Raber's disability, as were most of his colleagues. For example, after submitting a note from his doctor, Raber was given permission by Ingle to take short breaks as needed to eat during the workday because of his disability.

14.     On or about March 9, 2023, Raber experienced a stroke likely caused by his diabetes.

15.    Raber notified Purdue and Ingle of his need for time off work to recover. Raber submitted a request for leave pursuant to the FMLA.

16.    Purdue approved Raber's request for FMLA leave.  Raber was off work from March 9 through May 5, 2023.  Raber reported back to work on May 8, 2023.

17.    In June 2023, Raber received his annual performance review. Therein, Raber's performance received ratings of "meets" or "exceeds" Purdue's expectations in all categories.

18.    In November 2023, Raber experienced a stroke at work.  He was taken from Purdue to the hospital in an ambulance.  Raber was released in a few hours, and he returned to work for his next scheduled shift.

19.    Upon returning to work, General Manager of Shops and Team Randal Flinn (herein "Flinn") issued Raber a "written reprimand" for purportedly ordering equipment without supervisor approval.

20.    On May 20, 2024, Ingle issued Raber a "formal final warning."  Thereafter, in June 2024, Raber received his annual performance review performed by Ingle. Therein, Ingle noted that Raber's performance "meets" Purdue's expectations in all categories.

21.    On or about August 26, 2024, Raber suffered another stroke likely due to his diabetes.

22.    Raber requested concurrent FMLA leave from August 26-September 2, 2024, to recover from the stroke.  Raber also requested intermittent FMLA leave to take

4

effect following his concurrent leave.  Raber's doctor estimated that he may require 2-3 absences per month lasting 8 hours/day over the upcoming six (6) months.

23.    Raber returned to work on September 3, 2024.

24.    Upon his return to work, Raber began to feel targeted by Ingle.  Raber complained to Ingle's supervisor, Flinn, that Ingle was targeting him for disparate treatment since he'd had to take time off because of his disability. Flinn instructed Raber to take his complaints to Brianna Keen (herein "Keen") in Human Resources.

25.    Per Flinn's instructions, Raber contacted Keen on September 27, 2024, to discuss his complaints about Ingle.   Keen scheduled an appointment with Raber for October 1, 2024, to talk about his complaints.

26.    On September 27, 2024, Raber also reached out to Ingle via email with his first request to use his intermittent FMLA on October 3, 2024.  Raber made requests for PTO leave and bereavement leave for other dates at the same time.

27.    On September 30, 2024, Ingle approved Raber's PTO and bereavement leave requests, but not his intermittent FMLA leave request.

28.    Also on September 30, 2024, Ingle sent Raber an invite to attend a meeting with him the following day on October 1.  Ingle's meeting was scheduled for the same time Raber was set to meet with Keen, necessitating him to contact Keen to reschedule. Raber later found out that Keen was already aware of the meeting Ingle had scheduled because she was in attendance the following day.

29.     On October 1, 2024, Raber attended a meeting with Flinn, Keen, and Ingle.  During the meeting, Raber was terminated.  Flinn, Keen, and Ingle were all well-

aware of Raber's statutorily protected conduct and his disability at the time they terminated his employment.

30. Following his termination, Raber received an email from Ingle that his request to use intermittent FMLA leave on October 3 was "rejected."

31. Raber has been damaged as a result of Purdue's actions, including but not limited to: lost wages and benefits, emotional distress and embarrassment, and attorneys' fees and costs.

## COUNT I

### RETALIATION IN VIOLATION OF THE ADA AND THE REHAB ACT

32. Raber hereby incorporates paragraphs 1-31 of his Complaint.

33. The acts alleged above constitute unlawful employment practices in violation of the ADA and the Rehab Act.

34. Raber engaged in statutorily protected conduct under the ADA and the Rehab Act when he requested FMLA leave, as FMLA is a reasonable accommodation under the ADA and the Rehab Act.

35. Raber engaged in statutorily protected conduct when he complained about discrimination and disparate treatment to Flinn and Keen.

36. Purdue's actions, as alleged above, deprived Raber of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

37. Purdue fired Raber in retaliation for engaging in statutorily protected conduct in violation of the ADA and the Rehab Act.

6

38.     Purdue's unlawful actions were intentional, willful, and done in reckless disregard of Raber's rights as protected by the ADA and the Rehab Act.

39.     Raber has suffered damages as a result of Purdue's unlawful actions.

## COUNT II

### RETALATION IN VIOLATION OF THE FMLA

40.     Raber hereby incorporates paragraphs 1-39 of his Complaint.

41.     Raber engaged in statutorily protected conduct when he requested and utilized FMLA leave in 2023 and 2024.

42.     Purdue subjected Raber to disparate treatment and retaliatory treatment, including termination, because he requested and used FMLA leave in violation of the statute.

43.     Defendant's actions, as alleged above, deprived Raber of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

44.     Purdue's unlawful actions were intentional, willful, and done in reckless disregard of Raber's rights as protected by the FMLA.

45.     Raber has suffered damages as a result of Purdue's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, respectfully requests that this Court find for him and order that:

1.     Defendants reinstate Plaintiff to his former position or pay front pay damages in lieu thereof;

2.    Defendants pay lost wages and benefits to Plaintiff;

3.    Defendants pay compensatory damages to Plaintiff;

4.    Defendants pay liquidated damages to Plaintiff;

5.    Defendants pay pre- and post-judgment interest to Plaintiff;

6.    Defendants pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

7.    Defendants pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*/s/ Meghan U. Lehner*
Meghan U. Lehner (25899-49)
Thaddeus M. Keefer (36337-49)
CLEVELAND LEHNER CASSIDY
1901 Broad Ripple Avenue
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: meghan@clcattorneys.com
        thaddeus@clcattorneys.com

Counsel for Plaintiff Thomas Raber

8

## DEMAND FOR JURY TRIAL

The Plaintiff, Thomas Raber, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Meghan U. Lehner*
Meghan U. Lehner (25899-49)
CLEVELAND LEHNER CASSIDY
1901 Broad Ripple Avenue
Indianapolis, IN 46220
Tel: 317-388-5424
Fax: 317-947-1863
Email: meghan@clcattorneys.com